IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CATHERINE A. JORITZ, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 17-4002-SAC-KGS |
| | ) |
| UNIVERSITY OF KANSAS, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND AND DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE ITS REPLY TO ITS MOTION TO DISMISS**

COMES NOW Defendant and requests that this Court require Plaintiff to comply with Local Rule 15.1 and include a proposed amended pleading prior to providing Defendant's response to Plaintiff's Motion to Amend.  Defendant also requests that this Court grant it an extension to file its Reply to Defendant's Motion to Dismiss pending a determination on Plaintiff's Motion to Amend.  The time for both deadlines has not expired.

In support of this Motion, Defendant states as follows:

1. On June 7, 2017, Defendant filed Defendant's Motion to Dismiss.  [Doc. No. 8.]

2. Over the next several months, Plaintiff sought and received multiple extensions to file her Response to Defendant's Motion to Dismiss.  [Doc Nos. 9-18].

3. On or around December 29, 2017, Plaintiff e-mailed counsel for Defendant her Response to the Motion to Dismiss, which was subsequently filed by the Court on January 2, 2018. [Doc. No. 19.]

4. On or around January 3, 2018, Plaintiff filed her Motion to Amend Her Complaint. [Doc. No. 20.]  The Local Rules for the District of Kansas require a party to submit a proposed

amended pleading when filing a motion to amend.  D. Kan. 15.1 (a)(2).  Plaintiff, who is proceeding *pro se*, did not comply with the Local Rules.  Within her motion, Plaintiff seeks a court order allowing her to file some type of amendment eight weeks after the court enters its order allowing her to amend.

5. Such motion puts Defendant in a legal and procedural quandary.  Defendant recognizes that Fed. R. Civ. P. 15 provides in part that the "court should freely give leave when justice so requires[,]" and that Plaintiff has not previously sought to amend. Yet, other rules provide that amendments may be denied when futile.  Because Plaintiff did not file a proposed amended pleading, Defendant cannot evaluate whether it would or would not oppose such amendment.

6. Further, depending upon what the potential amendment contains, such proposed amendment could make Defendant's pending Motion to Dismiss moot or require it to consider raising additional legal defenses.  Defendant is hesitant to spend the court and the parties' time and resources to further brief its pending Motion to Dismiss without first examining what Plaintiff's actual proposed amendment will contain.

7. Defendant has reached out to the Plaintiff but Defendant has not been able to ascertain Plaintiff's position regarding the instant motion.

WHEREFORE, in light of the legal and procedural uncertainty created by Plaintiff's incomplete Motion to Amend, Defendant requests an extension of its Reply deadline until 21 days from the resolution of Plaintiff's pending Motion to Amend.  Defendant does not oppose the Court giving Plaintiff a reasonable period of time to draft a proposed pleading to attach to her Motion to Amend.

Respectfully submitted,

/s/ Megan K. Walawender
Megan K. Walawender #22955
University of Kansas
245 Strong Hall
1450 Jayhawk Blvd.
Lawrence, Kansas 66045
Tel: (785) 864-3276
Fax:  (785) 864-4617
Megan.walawender@ku.edu
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a true and correct copy of this document was filed with the Court's CM/ECF filing system on the 12th day of January, 2018, and that same day a paper copy was served via first-class U.S. Mail, postage prepaid, upon:

Catherine A. Joritz
PO Box 422
Perry, KS  66073
Tel:  (630) 857-8907
*Plaintiff, pro se*

/s   Megan K. Walawender
*Counsel for Defendant*

{L0063633.1 }                                3