IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CATHERINE A. JORITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  17-4002-SAC |
| | ) | |
| THE UNIVERSITY OF KANSAS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the court upon plaintiff's pro se Motion for Leave to Amend Complaint (ECF No. 20).  For the following reasons, this motion is denied.

Plaintiff, proceeding *pro se*, filed her complaint on January 6, 2017.  On June 7, 2017, defendant filed a motion to dismiss.  Plaintiff then sought and received multiple extensions to file her response to defendant's motion.  Plaintiff finally filed her response on January 2, 2018.  She filed the instant motion on January 3, 2018.  In her motion, plaintiff asks the court to allow her eight weeks after the court's grants her motion to file an amended complaint. In response, defendant contends that plaintiff's motion should be denied because plaintiff failed to comply with the court's local rules by not submitting a proposed amended pleading with her motion.

Rule 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires." The decision whether to grant leave to amend is within the court's sound discretion.[1] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue

---

[1] Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006).

prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[2]

In her motion to amend, plaintiff recites that she has discovered some new evidence concerning continuing discrimination and retaliation.  She does not include, however, a copy of the amended complaint she wishes to file.  Under D. Kan. Rule 15.1(a)(2), plaintiff must "attach the proposed pleading or other document" to her motion to amend. The court recognizes that plaintiff is proceeding *pro se*; however, her *pro se* status does not excuse her from complying with the court's rules.[3] Because plaintiff has not attached her proposed amended complaint to the motion, the court cannot determine whether it should grant plaintiff leave to amend.[4] The court thus denies plaintiff's motion to amend, but does so without prejudice to refiling.[5]

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Amend Complaint (ECF No. 20) is denied without prejudice.

**IT IS SO ORDERED.**

Dated this 17th day of January, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[2] *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

[3] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[4] See *Hosler v. Nationstar Mortg.*, LLC, No. 14-1347-SAC, 2015 WL 134309, at *3 (D. Kan. Jan. 9, 2015) (denying motion to amend in part because plaintiff did not submit a proposed amended complaint).

[5] *Fuller v. State of Kansas*, No. 16-2415-DDC, 2017 WL 193168, at *3(D.Kan. Jan. 18, 2017) (denying plaintiff's motion to amend his complaint because she failed to comply with D. Kan. Rule 15.1(a)(2), but granting her leave to refile the motion).