IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CATHERINE A. JORITZ,                    )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        Case No. 17-4002-SAC-KGS
                                        )
UNIVERSITY OF KANSAS,                   )
                                        )
        Defendant.                      )
                                        )

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND

COMES NOW Defendant, the University of Kansas, through counsel, and responds to Plaintiff's Motion for Leave to Amend Complaint:

I.      NATURE OF THE CASE

Plaintiff has moved pursuant to Fed. R. Civ. P 15(a)(2) for leave to amend her Complaint. Defendant requests that such leave be denied as most of the proposed allegations have been known to Ms. Joritz for months and the additional claims against new defendants are futile.[1]

Under Fed. R. Civ. P. 15, leave to amend is to be freely granted; yet, there are several recognized exceptions to this general rule. *Phelps v. Hamilton*, 166 F.R.D. 489, 490 (D. Kan. 1996) (noting that a trial court's refusal to grant leave to amend should normally be justified on such factors as futility of the amendment, a showing of undue delay, undue prejudice to the non-moving party, or bad faith of the moving party). "A proposed amendment is futile if the amended claim would be subject to dismissal." *Kansas v. United States*, 171 F. Supp. 3d 1145 (D. Kan. 2016) quoting *Carefusion 213, LLC*, 2010 WL 4004874, at *5. Similarly, "[w]here the party

---

[1] Defendant University of Kansas previously filed its motion to dismiss on June 7, 2017 [Doc. No. 8]. Defendant University of Kansas respectfully reserves the right to renew that motion and brief other defenses available.

seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) quoting *Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990) (internal quotations omitted); *see also Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad.").

## II.     PROPOSED AMENDED FACTS

Plaintiff proposed pages and pages of factual allegations.  Plaintiff alleges that she needs to file this proposed amended complaint so that she can "include additional evidence, additional parties and factual and procedural developments that have taken place since Plaintiff's initial Complaint was filed."  [Doc. No. 29 at p. 2].  Instead, Plaintiff has filed a 67-page complaint adding a more detailed version of the same facts.  She has not alleged any additional facts that occurred after her initial filing in January 2017 other than that Plaintiff "faxed a second charge to the EEOC on February 21, 2018 and amended that charge with additional material on April 17, 2018." Proposed Amended Complaint at ¶ 2.  It remains unclear what additional events and developments have taken place since her initial complaint.

## III.    PROPOSED CAUSES OF ACTIONS & DEFENDANTS

Plaintiff seeks to add four individual defendants to her lawsuit:  Dr. Bernadette Gray-Little, then-Chancellor of the University of Kansas; Dr. Carl Lejuez, current Provost and then Dean of the College of Liberal Arts & Sciences; Dr. Stuart Macdonald; associate professor and Chair of the College Committee on Appointments, Promotion and Tenure Committee; and Dr. Michael

Baskett, associate professor and the Chair of the Department of Film and Media Studies.  Proposed

Amended Petition at ¶¶ 15-19.  Each proposed defendant is sued in his or her official and individual

capacity.

Plaintiff seeks to bring the following claims against the current defendant and each

proposed individual defendant:

> COUNT I – TITLE VII – Title 42 United States Code § 2000e-2 DISCRIMINATION BASED ON NATIONAL ORIGIN
>
> COUNT II – TITLE VII – Title 42 United States Code § 2000e-2 DISCRIMINATION BASED ON SEX/GENDER
>
> COUNT III – TITLE VII – Title 42 United States Code § 2000e-3 RETALIATION FOR OPPOSING UNLAWFUL EMPLOYMENT PRACTICES
>
> COUNT IV – TITLE VII – HOSTILE WORK ENVIRONMENT
>
> COUNT V – TITLE VII – WRONGFUL TERMINATION
>
> COUNT VI – US CONSTITUTION, 1st, 5th and 14th Amendments DENIAL OF FREEDOM OF SPEECH, VIOLATIONS OF DUE PROCESS
>
> COUNT VII – KANSAS COMMON LAW BREACH OF CONTRACT

Id. at ¶ 21.  Plaintiff's proposed amended complaint is futile and should be denied.

### A.      Title VII Does Not Allow For Suits Against Individuals

Because Title VII does not provide a cause of action against an individual managerial

employee, proposed Counts I-V fail to state a claim as to each proposed individual defendant.  The

Tenth Circuit has repeatedly held that "personal capacity suits against individual supervisors are

inappropriate under Title VII."  *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) (relying on

statutory language that defines "employer" and Congress's 1991 amendments that did not alter prior

court opinions that damages not recoverable against individuals; *see also Sauers v. Salt Lake

County,* 1 F.3d 1122, 1125 (10th Cir. 1993) ("The relief granted under Title VII is against the

employer, not individual employees whose actions would constitute a violation of the Act.").

Drs. Gray-Little, Lejuez, Macdonald and Baskett are employees of the University of Kansas, which is a political subdivision and agency of the State of Kansas.  Proposed Amended Petition at ¶ 15.  None of them are "employers" under Title VII and therefore are not subject to liability under the Act.  Plaintiff's federal employment claims (proposed Counts I-V) against the four proposed defendants are futile as they would be subject to dismissal.

**B.      Plaintiff's 1983 Claims against Defendant University Of Kansas and Official Capacity Claims against Drs. Gray-Little, Lejuez, Macdonald and Baskett are Barred by Sovereign Immunity**

Count VI of Plaintiff's proposed lawsuit is futile as to the University of Kansas and the official capacity claims against the four individual defendants.  Defendant University of Kansas is an arm of the State of Kansas and is entitled to sovereign immunity.  The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.  The Eleventh Amendment confirms the sovereignty of the states by providing a shield from suits by individuals absent state consent.  *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996).

To qualify for Eleventh Amendment immunity, Defendant must be either a state or an "arm" of a state.  *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1232 (10th Cir. 1999).  Here, the University of Kansas qualifies as an "arm" of the State of Kansas.  *Brennan v. University of Kan.*, 451 F.2d 1287, 1290 (10th Cir. 1971) (holding that "the University of Kansas, as a state university, and the University Press of Kansas, as a state institution serving the state universities, function as arms or alter egos of the State of Kansas."); *see also Billings v. Wichita*

*State Univ.,* 557 F. Supp. 1348, 1350 (D. Kan. 1983) ("[T]he universities established by the State of Kansas and governed by the Kansas Board of Regents function as alter ego agencies of the [S]tate and share its Eleventh Amendment immunities.").  As an arm of the state, the University of Kansas qualifies for Eleventh Amendment immunity and cannot be sued under 42 U.S.C. § 1983.  *Beck v. Kansas Adult Auth.*, 241 Kan. 13, 17, 735 P.2d 222, 226 (1987) (noting that the 10th Circuit has held that the University of Kansas is immune from lawsuits for money damages under 42 U.S.C § 1983, citing W*renn v. State of Kansas*, 561 F.Supp. 1216, 1219–20 (D. Kan. 1983); *Chism v. University of Kansas Coll. of Health Sciences*, 237 Kan. 330, 699 P.2d 43 (1985)).

Pursuant to *Kentucky v. Graham,* 473 U.S. 159, 169-70, 105 S.Ct. 3099, 3107-08, 87 L.Ed.2d 114 (1985), Plaintiffs' suits against state officials in their official capacities is the same as a suit for damages against the state and is barred by Eleventh Amendment.  *See, Flores v. Long*, 110 F.3d 730, 732 (10th Cir. 1997) (same).  To the extent Plaintiff seeks to proceed against the University and the individual Defendants in their official capacity for her due process and First Amendment claims under § 1983, the Defendants are entitled to sovereign immunity and dismissal of those claims.[2]

C.      **Plaintiff's 1983 Claims against Drs. Gray-Little, Lejuez, Macdonald and Baskett in Their Individual Capacities are Time-Barred**

Count VI of Plaintiff's Petition as to the individual capacity claims is futile as such count is time-barred.  Plaintiff alleges that the individuals denied her due process at various times during

---

[2] Moreover, Plaintiff's Complaint establishes that she was not a tenured professor; thus, even if her § 1983 claims were timely and not barred by sovereign immunity, she does not possess a property interest for purposes of stating a substantive due process claim.  *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 578, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (assistant professor with no tenure rights did not possess property interest for purposes of due process doctrine where appointment contract "secured absolutely no interest in re-employment for the next year" and no state statute or university rule secured his interest in re-employment); *Weathers v. West Yuma County Sch. Dist. R–J*–1, 530 F.2d 1335, 1336–38 (10th Cir. 1976) (untenured teacher employed under contracts containing specific terms did not possess a property interest protected by Fourteenth Amendment where he possessed no statutory or contractual right of continued employment and failed to show any informal custom or policy of re-employment).

her progress toward tenure track review in 2015 and in 2016.  On or around April 8, 2016, she

received notice from then-Dean Lejuez recommending her termination.  Proposed Amended

Complaint at ¶ 108.  Such recommendation was accepted by then-Provost Sara Rosen who notified

Plaintiff on April 13, 2016, that Dr. Rosen agreed with the recommendation of termination.  *Id*. at

¶¶119-121.  Plaintiff then appealed the decision to the faculty rights board, which culminated in

review by Chancellor Gray-Little.  Specifically, in the May 13, 2016 letter notifying her of non-

reappointment, Dr. Rosen informed Plaintiff that Chancellor Bernadette Gray-Little had

determined that Plaintiff's research record demonstrated insufficient progress toward tenure,

warranting non-reappointment.  *Id*. at ¶¶ 138-139.

Plaintiff's proposed 1983 claims against the individuals are time-barred.  *See Garcia v.*

*University of Kan.*, 702 F.2d 849, 850–51 (10th Cir. 1983) (applicable statute of limitations for §

1983 claim under Kansas law is two years).  Plaintiff alleges that she was denied due process by

the individual defendants during her progress toward tenure review.  Such review ended at the

very latest with notice of the decision from Dr. Rosen on May 13, 2016.  Plaintiff's 1983 claims

began to run at the time she received notice of her upcoming termination.  "Such claims accrue

when the plaintiff knows or should know that his or her constitutional rights have been violated."

*Baker v. Board of Regents,* 991 F.2d 628, 630 (10th Cir. 1993).  In determining when a cause of

action accrues, the focus is on the alleged discriminatory act and not the point in time when the

consequences of the act become painful.  *Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28 (1981).

Thus, the filing period begins immediately upon the completion of a single act of discrimination,

such as notice of a discriminatory transfer, layoff or discharge.  *McCall v. Bd. of Comm'rs of Cty.*

*of Shawnee, KS*, 291 F. Supp. 2d 1216, 1224 (D. Kan. 2003).  More than two years have passed

since she claims defendants denied her due process during the review which culminated in her notice of non-reappointment.

Similarly, her First Amendment claims are also time-barred.  Plaintiff claims her First Amendment rights were violated when Defendant Baskett and the University denied her "the right to speak with other faculty members during her 2015/16 Progress Toward Tenure Review. Proposed Amended Complaint at ¶ 236.  Because more than two years have passed since this time, Plaintiff's First Amendment claims against the individuals are futile.

Further, Plaintiff fails to state a claim to specifically provide how Drs. Gray-Little, Lejuez and Macdonald violated her First Amendment rights.  "In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established." *Trujillo v. Williams,* 465 F.3d 1210, 1227 (10th Cir. 2006) (emphasis added). When asserting §1983 claims against multiple defendants, the plaintiff must "'make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her.'" *Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008)).  Those claims are futile and Plaintiff should not be allowed to amend.

It is anticipated that Plaintiff may allege that her claims relate back under Fed. R. Civ. P. 15.  When amending a pleading to change the party or add a party against whom a claim is asserted, Rule 15(c) controls.  The rule provides that an amendment to a pleading relates back to the date of the original pleading when:

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(A) Received such notice of the action that it will not be prejudiced in defending on the merits; and

(B) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

(Emphasis added).

Plaintiff's proposed amended Complaint cannot relate back as it would be prejudicial to the individual defendants and there was no mistake about the proper party's identity. Adding new parties after the statute of limitations has run clearly affects the individual defendants' substantive rights. *See, Hajda v. Univ. of Kansas Hosp. Auth.*, 51 Kan. App. 2d 761, 774, 356 P.3d 1, 10 (2015), *review denied* (Feb. 18, 2016), *cert. denied*, 137 S. Ct. 473, 196 L. Ed. 2d 383 (2016) (finding that a petition amended after statute of limitations passed would not relate back under 60-215(c) (modelled after Fed. R. Civ. P. 15) as bringing in a new party "clearly affect[ed] the substantial rights" of previously unnamed defendant). Second, there is no evidence that any of these individual defendants knew that the action would have been brought against them but for some mistake about their identities as required by subsection (c)(1)(B). Plaintiff referenced or attached documents that clearly identified each of these individuals in her original complaint filed on January 6, 2017. [Doc. No. 1]. There has never been a mistake concerning the proper identity of these individuals. Plaintiff's proposed amended complaint cannot relate back and therefore the proposed section 1983 claims against the individuals are futile.

**D.   Count VII Fails to State a Claim for Breach of Contract as to the Individual Defendants**

Count VII, a proposed claim for breach of contract, fails to state a claim as to the individual defendants; allowing Plaintiff to amend to include these four proposed defendants would be futile. Plaintiff claims that she had an employment contract with the University. Defendant University of Kansas denies this and will address the lack of merits of this claim at a later date. But as to the

newly proposed defendants, she does not claim to have had any contract with any of them.  Instead she argues that they failed to investigate her complaints and violated policies and that these constitutes a claim for breach of contract.  See, Count VII of Proposed Amended Complaint.

To demonstrate a breach of contract claim, a plaintiff must show: a contract existed between the parties; there was sufficient consideration to support the contract; one party performed or was willing to perform the requirements of the contract; a party breached the contract; and  there were damages to the plaintiff caused by the breach of the contract. *See Commercial Credit Corporation v. Harris*, 212 Kan. 310, Syl. ¶ 2, 510 P.2d 1322 (1973); *City of Andover v. Southwestern Bell Telephone*, 37 Kan. App. 2d 358, 362, 153 P.3d 561 (2007). Because there is no contract between Plaintiff and the proposed individual defendants, Plaintiff cannot proceed against them.

E.      **Prior Issues Supporting Denial of Amendment due to Futility**

On June 7, 2017, Defendant University of Kansas filed its motion to dismiss Plaintiff's original complaint.  [Doc. No. 8].  Rather than revisiting the entire 19-page brief, Defendant incorporates by reference each of the arguments made there as additional reasons for futility, including:

- Plaintiff is precluded by res judicata from refiling her employment discrimination claims dismissed by the state court order.  Doc. No. 8 at pp. 8-11

- Plaintiff's Title VII Claims arising from the alleged comments by the students are time-barred as she failed to file her EEOC charge within three hundred days of the alleged unlawful act.

- Title VII does not include "perceived national origin" claims. Doc No. 8 at p. 14.

If the Court grants Plaintiff's motion to amend as to Defendant University of Kansas, it respectfully requests the right to renew its motion and add any additional defense available to it.

## VI.   CONCLUSION

Plaintiff should not be allowed to amend her complaint to bring in the four proposed individual defendants because of futility.  Each of her claims against them would be subject to immediate dismissal for all of the reasons set forth above.

WHEREFORE, Defendant requests that this Court deny Plaintiff's Motion for Leave to Amend.

Respectfully submitted,

/s/ Megan K. Walawender
Megan K. Walawender #22955
University of Kansas
245 Strong Hall
1450 Jayhawk Blvd.
Lawrence, Kansas 66045
Tel: (785) 864-3276
Fax:  (785) 864-4617
Megan.walawender@ku.edu
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a true and correct copy of this document was filed with the Court's CM/ECF filing system on the 15th day of June, 2018, and that same day an electronic copy was served via e-mail, upon:

Catherine A. Joritz
PO Box 422
Perry, KS  66073
Tel:  (630) 857-8907
cjanimate@aol.com
*Plaintiff, pro se*

/s   Megan K. Walawender
*Counsel for Defendant*