## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CATHERINE A. JORITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  17-4002-SAC |
| | ) | |
| THE UNIVERSITY OF KANSAS, | ) | |
| | ) | |
| Defendant. | ) | |

### <u>REPORT AND RECOMMENDATION</u>

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, this Report and Recommendation is submitted to the district judge.  Within fourteen days after service of a copy of this Report and Recommendation, the parties may file written objections. If no objections are timely filed, no appellate review will be allowed by any court.

This matter comes before the court upon plaintiff's *pro se* Motion for Leave to Amend Complaint (ECF No. 20).  For the following reasons, the court recommends that this motion be granted in part and denied in part.

### I.

Plaintiff filed this action against the University of Kansas ("University") on January 6, 2017.  She asserted claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*  She alleged that the University had discriminated against her because of her gender and national origin when certain actions were taken against her during her employment and when her employment was terminated.  She further alleged that the University had retaliated against her for reporting discrimination.

On June 6, 2017, defendant University filed a motion to dismiss.    In the motion, the University raised several arguments.  On March 9, 2018, Judge Crow allowed plaintiff until April 23, 2018 to file a motion to amend, and denied the motion to dismiss without prejudice.

On April 23, 2018, plaintiff filed the instant motion.  In the motion, plaintiff sought to add (1) four individual defendants, (2) claims under 42 U.S.C. § 1983, and (3) a breach of contract claim.  The four defendants that plaintiff seeks to add are Dr. Bernadette Gray-Little, former Chancellor of the University of Kansas; Dr. Carl Lejuez, Dean of the College of Liberal Arts and Sciences; Dr. Stuart Macdonald, associate professor and chair of the College Committee on Appointments, Promotion and Tenure; and Dr. Michael Baskett, associate professor and chair of the Department of Film and Media Studies.  The amended complaint is 67 pages in length.    The claims in the amended complaint are:  (1) Count I—Title VII discrimination based on national origin; (2) Count II—Title VII discrimination based upon sex/gender; (3) Count III--Title VII retaliation for opposing unlawful employment practices; (4) Count IV—Title VII hostile work environment; (5) Count V—Title VII wrongful termination; (6) Count VI—§ 1983 claims asserting denial of freedom of speech and due process; and (7) Count VII—Kansas common law breach of contract.  Plaintiff seeks monetary damages, injunctive relief and declaratory relief.

II.

When leave of the court is required to amend under Fed. R. Civ. P. 15(a), the court refuses leave "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or

futility of amendment."[1] "The court should freely give leave when justice so requires."[2] In this case, defendants oppose the motion to amend on futility grounds, arguing that plaintiff's claims are subject to dismissal. As the parties opposing the amendment, defendants bear the burden of establishing its futility.[3]

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[4] Typically, the court analyzes the proposed pleading using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] The court accepts as true "all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff."[7] A formulaic recitation of elements does not satisfy the plausibility standard.[8] Rather, plaintiff must offer sufficient factual allegations to support each claim[9] "Determining whether a complaint states a plausible claim for

---

[1] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Mackley v. Telecom Holdings, Inc.*, 296 F.R.D. 655, 660 (D. Kan. 2014).

[4] *Farmers Bank & Trust, N.A. v. Witthuhn*, No. 11-2011-JAR, 2011 WL 5920941, at *2 (D. Kan. Nov. 28, 2011) (citing *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investors's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)); *Duncan v. Manager Dep't of Safety, City & Cty. Of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)

[5] *Lane Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011).

[6] *Burnett v. Mort. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

[7] *Burnett*, 706 F.3d at 1235.

[8] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (Sept. 1, 2011) (citing *Twombly*, 550 U.S. at 555).

[9] *Id.*

relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10] "While the 12(b)(6) standard does not require that [a plaintiff] establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether [p]laintiff has set forth a plausible claim."[11]

Because the plaintiff is a *pro se* litigant, the court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[12] However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[13] The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[14] Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[15]

III.

A. Title VII Claims Against Individual Defendants

Defendants initially contends that plaintiff's claims against the individual defendants under Title VII are futile because they fail to state a claim against them. Defendants assert Title VII does not provide a cause of action against individual managerial employees.

---

[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[11] *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

[12] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir.1997).

[13] *Id.*

[14] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (citation omitted).

[15] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir.1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994)).

It is well established that in the Tenth Circuit "personal capacity suits against individual supervisors are inappropriate under Title VII."[16] Because individuals may be sued under Title VII only in their official capacities, [17] plaintiff cannot proceed against the individual defendants in their personal capacities.   Moreover, to the extent that plaintiff seeks to assert official capacity claims against the defendants, she fails to state a claim. An official capacity suit does not provide an avenue of relief against the individual, but operates as an alternative means of naming the individual's employer.[18] The Tenth Circuit has explained, "[w]e think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly."[19] Any relief afforded to a plaintiff through an "official capacity" suit will be at the expense of the employer, not the individual.[20] Here, plaintiff has already named her employer directly, so there is no need to add the individual defendants in their official capacities for the purpose of Title VII.[21]   Thus, the portion of plaintiff's motion to amend alleging Title VII claims against the individual defendants is denied.

B.  Section 1983 Claims Against Defendants in their Official Capacities

---

[16] *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F.Supp.2d 1267, 1272 (D.Kan.2011) (quoting *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir.1996)).

[17] *Redpath v. City of Overland Park*, 857 F.Supp. 1448, 1456 (D.Kan.1994).

[18] See *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir .1993).

[19] *Id.*

[20] See *Stafford v. Missouri*, 835 F.Supp. 1136, 1149 (W.D.Mo.1993).

[21] See *Lewis v. Four B Corp.*, 211 Fed. Appx. 663, 665 n.2 (10th Cir. 2005) ("[S]upervisors may be named in their official capacity and/or as alter egos of the employer, but just as a means to sue the employer, and this procedural mechanism is superfluous where, as here, the employer is already subject to suit directly in its own name.").

Defendants next contend that plaintiff's §1983 claims against the University and the individual defendants in their official capacities are barred by sovereign immunity.  Defendants argue that the Eleventh Amendment precludes these claims.

The Eleventh Amendment generally bars suits against states and their agencies based on their sovereign immunity.[22] But, three exceptions to Eleventh Amendment immunity exist:

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.[23]

Plaintiff has failed to articulate any of these exceptions as a basis for not applying Eleventh Amendment immunity to the defendants.  Rather, plaintiff has suggested that defendants are not entitled to qualified immunity.

Defendants have not raised the defense of qualified immunity to the § 1983 claims asserted by plaintiff.   Such a defense would apply to plaintiff's claim against the individual defendants in their individual capacities.  Defendants have raised only Eleventh Amendment immunity to the official capacity claims asserted by plaintiff.  Accordingly, the court shall only consider the Eleventh Amendment arguments raised by defendants.

The court fails to find that the State of Kansas has consented to suit under § 1983 in federal court or that Congress has abrogated the State's sovereign immunity.  Thus, Eleventh

---

[22] *Levy v. Kan. Dep't of Soc. and Rehab. Servs.*, 789 F.3d 1164, 1168 (10th Cir. 2015) (quoting *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court.")).

[23] *Id.* (quoting Muscogee (Creek) Nation v. Pruitt, 669 F.3d 1159, 1166 (10th Cir. 2012)).

Amendment immunity bars any 1983 claims against defendant University.  The court, however, shall consider the issue of the third exception as it applies to the individual defendants.

The Eleventh Amendment does not prohibit a suit in federal court to enjoin a state official prospectively from violating federal law.[24] "In *Ex parte Young*, the [Supreme] Court held that the Eleventh Amendment generally will not operate to bar suits so long as they (i) seek only declaratory and injunctive relief rather than monetary damages for alleged violations of federal law, and (ii) are aimed against state officers acting in their official capacities, rather than against the State itself."[25] "[T]o come within the *Ex parte Young* exception, 'a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'"[26]

In the amended complaint, plaintiff does seek prospective relief.  She asks for reinstatement to "her tenure-track position at the University of Kansas," a "University-supported Research Intensive Semester within one academic year following reinstatement," an additional year to prepare for her tenure review, and removal of all "discriminatory, factually inaccurate, and libelous material" from her personnel files and record.  These requests, particularly her request for reinstatement, are forms of prospective equitable relief that are within the doctrine of *Ex parte Young*.[27] However, "[i]n Ex parte Young, the Supreme Court noted that the state official

---

[24] *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir.2004); see generally *Ex parte Young*, 209 U.S. 123 (1908).

[25] *Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir.2007).

[26] *Rounds v. Clements*, 495 Fed.Appx. 938, 940 (10th Cir.2012) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

[27] Meiners, 359 F.3d at 1232.

must have the power to perform the act required in order to overcome the jurisdictional bar of the Eleventh Amendment."[28]

In *Klein v. University of Kansas Medical Center*, the court examined the Kansas statutes to determine which state officials possessed the authority to reinstate KUMC employees.[29] Under K.S.A. § 76–714, the chief executive officer of the University of Kansas is the Chancellor. As the chief executive officer, the Chancellor "shall appoint such employees as are authorized by the board of regents," and those employees "shall serve at the pleasure of the chief executive officer...."[30] Based on those statutes, the court concluded "that the current Chancellor is the only person with the authority to reinstate Klein to his former position if so ordered."[31]

Plaintiff's amended complaint is deficient because there is no allegation that any of the individual defendants have the authority to provide the prospective relief sought.  Without such allegations and with the application of *Klein*, plaintiff's requests for prospective relief do not fall within *Ex Parte Young*.  Accordingly, the § 1983 claims against the individual defendants in their official capacities are futile and this aspect of plaintiff's motion to amend must be denied.

C.  Section 1983 Claims Against the Individual Defendants in their Personal Capacities

Defendants next assert that plaintiff's § 1983 claims against the individual defendants in their individual capacities are time-barred.  For that reason, defendants suggest that this portion of plaintiff's motion to amend must be denied as futile.

---

[28] *Klein v. Univ. of Kan. Med. Ctr.*, 975 F.Supp. 1408, 1417 (D.Kan.1997) (citing *Ex parte Young*, 209 U.S. at 157).

[29] *Id.*

[30] K.S.A. § 76–715.

[31] *Klein*, 975 F.Supp. at 1417.

State and federal law governs the timeliness of claims under § 1983. The statute of limitations is drawn from the personal-injury statute of the state in which the federal district court sits.[32] Federal law, however, determines the date on which the claim accrues and the limitations period starts to run.[33] The statute of limitations for civil rights actions under § 1983 in Kansas is two years.[34]

While some of defendants' statute of limitations arguments appear viable, the court does not find that their application is so obvious at this stage of the case that the claims in the new complaint are futile.  There are potential factual issues concerning the commencement of the limitations period and the statute of limitations defense that simply cannot be resolved in a ruling on a motion for leave to amend the complaint.  Defendants may ultimately be correct that some of plaintiff's claims are barred by the statute of limitations.  However, at this stage of the case, given the limited information in the record, that outcome is not apparent that the claims in the new complaint are futile. Defendants may raise this issue at a later time when the facts are developed.

Defendants Drs. Gray-Little, Lejuez and Macdonald next contend that plaintiff has failed to state a claim against them under the First Amendment.[35]   They argue that plaintiff has failed to allege how they violated her First Amendment rights.

---

[32] *Wilson v. Garcia*, 471 U.S. 261, 269 (1985).

[33] *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

[34] *Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1188 (10th Cir.2006).

[35] Defendants, relying upon *Board of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972) and *Weathers v. West Yuma County Sch. Dist. R-J-1*, 530 F.2d 1335 (10th Cir. 1976), have suggested that plaintiff has not stated a claim of violation of substantive due process because she was not a tenured professor.  The court does not find a mention of a substantive due process claim in the amended complaint.  Rather, plaintiff has limited her claim against the defendants to a violation of procedural due process.  With no mention of a substantive due process claim in the amended complaint, the court need not consider defendants' argument.

Defendants have offered little to support this contention.  Defendants have failed to point to any allegations of the amended complaint.  The court notes that plaintiff has asserted that "[d]efendants effectively halted [her] from objecting to illegal practices by firing her."  This allegation, coupled with the factual contentions contained in the amended complaint, are sufficient to avoid dismissal of the First Amendment claims against these defendants.  Plaintiff should be allowed to amend her complaint to add these claims.

D.  Breach of Contract Claim Against Individual Defendants

Defendants next argue that Count VII fails to state a claim for breach of contract against the individual defendants.  Defendants note that plaintiff has alleged only that she had a contract with the University, not with any of the individual defendants.  They note she argues only that the individual defendants failed to investigate her complaints and violated policies, and that these allegations constitute a claim for breach of contract.

Under Kansas law, plaintiff must prove the following to prevail on a breach of contract claim:  (1) the existence of a contract between the parties; (2) consideration; (3)  plaintiff's performance or willingness to perform in compliance with the contract; (4) defendants' breach of the contract; and (5) that plaintiff was damaged caused by the breach.[36]

The amended complaint does not allege or infer any basis for a contractual relationship between plaintiff and the individual defendants.  Generally, an employee cannot be held liable for the breach of a contract between the employer and another party.[37]  Without an allegation of a

---

[36] *Ryan Dev. Co., L.C. v. Ind. Lumbermens Mut. Ins. Co.*, 783 F. Supp. 2d 1179, 1182 (D. Kan. 2011); *Commercial Credit Corp. v. Harris*, 212 Kan. 310, 510 P.2d 1322, 1325 (Kan.1973).

[37] See, e.g., *Houpe v. City of Statesville*, 128 N.C.App. 334, 344-45, 497 S.E.2d 82, 89 (N.C.App. 1998) (discharged police officer could not sue former supervisors for breach of employment contract because complaint alleged plaintiff was hired by city for employment, not by any of the individual defendants); *Jones v. Cent. Peninsula Gen. Hosp.*, 779 P.2d 783, 791 (Alaska 1989)(terminated employee could not sue individual supervisors for breach of contract because they were not parties to the employment contract).

contract between plaintiff and the individual defendants, plaintiff cannot proceed on a breach of contract claim against them.  This claim against the individual defendants is futile.  This portion of plaintiff's motion to amend is denied.

    E.  Arguments Raised in Prior Motion to Dismiss

Finally, defendant University of Kansas raises the arguments by reference that it asserted in its earlier motion to dismiss.  The court shall not address these contentions.[38]  In his earlier order, Judge Crow denied the motion to dismiss without prejudice.  If the district judge adopts this Report and Recommendation, the defendants may refile or renew the arguments contained in the motion to dismiss as they relate to the amended complaint.

IV.

In sum, the court recommends that plaintiff's motion to amend be granted in part and denied in part.  The court recommends that the following claims are futile and plaintiff should be denied leave to amend to add them:  (1) Title VII claims against the individual defendants; (2) § 1983 claims against defendants in their official capacities; and (3) breach of contract claims against the individual defendants.  The court recommends that the remainder of plaintiff's motion to amend be granted.

**IT IS THEREFORE RECOMMENDED** that plaintiff's Motion for Leave Amend Complaint (ECF No. 20) be hereby granted in part and denied in part as set forth in foregoing Report and Recommendation.

---

[38] See *W&W Steel, LLC v. BCS Steel, Inc.*, No. 11-2613-RDR, 2012 WL 1828928, at * 1 (D.Kan. May 18, 2012)(court will not consider arguments raised in motion to dismiss concerning prior complaint in ruling on motion to amend because evaluating futility requires consideration of proposed amendments, not claims previously pled);

Dated this 11th day of September, 2018, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge