IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CATHERINE A. JORITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:17-cv-04002-SAC-JPO |
| | ) |
| THE UNIVERSITY OF KANSAS, et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT UNIVERSITY OF KANSAS'**
**OPPOSITION TO PLAINTIFF'S "EMERGENCY" MOTION FOR AN**
**EXTENSION OF TIME FOR INITIAL DISCLOSURES AND PLANNING**
**MEETING AND MOTION TO CONTINUE SCHEDULING CONFERENCE**

Defendant The University of Kansas ("KU")[1] opposes Plaintiff's Emergency Motion for an Extension of Time for Initial Disclosures and Planning Meeting and Motion to Continue Scheduling Conference (Doc. 88) ("Emergency Motion") for the following reasons:

1.  When Ms. Joritz originally contacted the undersigned on April 23 to request consent to the extensions she is presently seeking in the Emergency Motion, the undersigned responded indicating that KU would not agree to the extensions in the form she now requests. However, the undersigned informed Plaintiff that KU would agree to stay this litigation until the interlocutory appeal in this case is resolved by the Tenth Circuit. As each of the Individual Defendants is prosecuting that appeal, a stay is the appropriate approach so as to not create a bifurcated discovery process—one discovery period involving only KU, and a second involving the individuals—which would be "wholly inefficient." *See McCormick v. City of Lawrence,*

---

[1] Although the undersigned counsel also represents the Individual Defendants, this opposition is filed only on behalf of KU because the Individual Defendants' interlocutory appeal on grounds of qualified immunity (Doc. 83) divested this Court of subject matter jurisdiction over any aspect of the case against them. *See Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990); *Walker v. City of Orem*, 451 F.3d 1139 (10th Cir. 2006).

*Kan.*, 218 F.R.D. 687, 693 (D. Kan. 2003). Because Plaintiff elected to file her Emergency Motion as opposed to jointly requesting a stay, KU opposes this motion and files a Motion for Stay contemporaneously herewith.

2. A stay will also have the benefit of allowing Plaintiff's state-court litigation under the Kansas Judicial Review Act ("KJRA") to reach its conclusion, as that court has set a summer briefing schedule, as well as a final hearing on the merits for October 1, 2019. As this Court is aware, KU argued in its motion to dismiss that *all* of Plaintiff's claims against KU are barred by res judicata due to proceedings in that case. This Court declined to address res judicata on KU's motion to dismiss, however, because the prior state-court dismissal was not "in a journal entry or judgment form under K.S.A. 60-254(b) or K.S.A. 60-258." Doc. 81 at 15. Although KU does not concede that such an entry is required for res judicata here because the prior dismissal was a stipulated voluntary dismissal with prejudice,[2] final judgment will be entered in this case likely by the end of this year. Thus, the Court can then take up a renewed motion on res judicata, which is potentially dispositive of all claims against KU in this case.

3. Further, even if this Court elects to evaluate the merits of Plaintiff's Emergency Motion, the Court should deny it. All of the burdens Plaintiff identifies are burdens of her own making. Plaintiff spends a great deal of time in her Emergency Motion chronicling the upcoming deadlines in this case. It was Plaintiff, however, who made the decision to proliferate litigation by choosing to initiate this federal lawsuit *after* she filed the state court lawsuit, thereby creating parallel tracks of litigation when she could have prosecuted all claims before a single court. It is Plaintiff who believes she can provide a basis for the Court to reconsider its order,

---

[2] *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009); *see also Brooks v. Barbour Energy Corp.*, 804 F.2d 1144, 1146 (10th Cir. 1986); *Wright v. Barrett*, 1997 WL 728196, at *8-9 (D. Kan. 1997).

imposing on herself new and additional briefing requirements. In any event, Plaintiff's putative motion for reconsideration provides no reasonable basis for Plaintiff to request a delay of her impending discovery obligations; even if Plaintiff were to be successful on her motion, that would presumably result in *more* of the case surviving, not less.

4. While Plaintiff suggests she is overburdened by recent filings, KU has filed only *one* document with this Court since Judge Crow issued his Memorandum and Order, and that document is KU's Answer (Doc. 86), which does not assert counterclaims and therefore requires no response at all from Plaintiff. The only other filing made since Judge Crow entered his Memorandum and Order is the Notice of Appeal (Doc. 83) filed by the Individual Defendants, which again requires no response from Plaintiff before this Court.

5. Plaintiff also uses her state-court KJRA case as a basis to try and obtain her extension. Once again, this is a problem of her own creation, especially considering that Plaintiff initiated the KJRA case *long before* initiating this one (she filed the KJRA case in June of 2016). After Plaintiff took no steps to prosecute her case in state court for over two years, last fall, Judge McCabria required Plaintiff to demonstrate why her state court case should not be dismissed for failure to prosecute. Although he ultimately elected not to dismiss the case for failure to prosecute at this time, at a hearing held on April 12, Judge McCabria imposed a briefing schedule requiring Plaintiff to file a brief on the merits of her KJRA claims by July 1, which is over 60 days from now. Thus, there is no present conflict between Plaintiff's obligations in the state case and timely filing a motion for reconsideration here. Further, it is unreasonable for Plaintiff to complain now about the press of business created by her burdens in the state case, when she had over two years prior to now to prosecute her claims there and simply chose not to.

3

6. In Plaintiff's Emergency Motion, she also highlights a letter the undersigned sent to her on April 23, 2019, regarding certain statements Plaintiff has made—including statements to the Court—indicating that she is seeking legal advice. Indeed, in Plaintiff's motion for extension of time to file her motion for reconsideration, Plaintiff suggests that she intends to "seek legal advice" concerning KU's filings while still purporting to maintain her *pro se* status. Doc. 87, ¶ 11. These statements raise a plethora of legal and ethical concerns for all parties and attorneys, and it is therefore critical that Plaintiff identify the roles that any attorneys have played, or will play, on her behalf. *Pro se* litigants are granted a lenient construction of their pleadings and other indulgences that represented parties are not granted precisely because *pro se* litigants do not have the assistance of counsel.[3] If a party represents to the Court that they are *pro se*, thereby reaping these benefits, while in fact they are receiving substantive legal advice, this constitutes both a misrepresentation to the Court by the purportedly *pro se* litigant about his or her status, *and* may also implicate ethical concerns for the "ghost" counsel who has failed to properly enter an appearance. *See generally Duran v. Carris*, 238 F.3d 1268, 1271 (10th Cir. 2001); *Savage v. Delphi Corp.*, 2005 WL 8160438, at *3 (D. Kan. 2005); *Wesley v. Don Stein Buick, Inc.*, 987 F. Supp. 884, 885 (D. Kan. 1997). Thus, it would be inappropriate for Plaintiff to receive an extension so she can obtain improper advice from attorneys who have not entered their appearances.

---

**Wherefore,** KU respectfully requests that this Court deny Plaintiff's Emergency Motion and grant KU's motion for stay filed contemporaneously herewith.

---

[3] Indeed, Judge Crow's Memorandum and Order contains an entire section titled "Pro Se Standards" wherein the Court noted the various lenities that would be afforded to Plaintiff based on her purported *pro se* status in the Court's consideration of KU's and the Individual Defendant's motions to dismiss. *See* Doc. 81.

DocID: 4852-4350-8629.5

Respectfully submitted,

/s/ Derek T. Teeter
DEREK T. TEETER         KS BAR NO. 23242
MICHAEL T. RAUPP        KS BAR NO. 25831
HUSCH BLACKWELL LLP
4801 Main St., Suite 1000
Kansas City, MO  64112
(816) 983-8000
(816) 983-8080 (FAX)
derek.teeter@huschblackwell.com
michael.raupp@huschblackwell.com

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2019, I filed the foregoing document via the Court's ECF system, which will provide notice to all counsel of record receiving electronic notice. On the same day, a paper copy was mailed via first-class, prepaid U.S. Mail and by email to:

Catherine A. Joritz, pro se
PO Box 422
Perry, KS 66073
Email: cjanimate@aol.com

/s/ Derek T. Teeter
***Attorney for Defendants***

5

DocID: 4852-4350-8629.5