### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CATHERINE A. JORITZ,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )  Case No. 5:17-cv-04002-SAC-JPO |
| | ) |
| **THE UNIVERSITY OF KANSAS, et al.** | ) |
| | ) |
|     **Defendants.** | ) |

### DEFENDANT UNIVERSITY OF KANSAS' 
### MOTION TO STAY THE CASE AND MEMORANDUM IN SUPPORT

Defendant The University of Kansas ("KU") hereby moves the Court to stay the case until the United States Court of Appeals for the Tenth Circuit resolves the interlocutory appeal filed by the Individual Defendants in this case and until Plaintiff's parallel state-court proceeding is resolved. In further support of this motion, KU states as follows:

1. On April 8, 2019, this Court issued its order granting in part and denying in part Defendants' motions to dismiss Plaintiff's First Amended Complaint. Doc. 81.

2. That decision rested, in part, on the Court's denial of qualified immunity to the four Individual Defendants under a First Amendment retaliation theory on Plaintiff's claim pursuant to 42 U.S.C. § 1983.

3. On April 17, 2019, the Individual Defendants filed a Notice of Interlocutory Appeal over the order and the denial of qualified immunity. Doc. 83.

4. That appeal is currently proceeding in the United States Court of Appeals for the Tenth Circuit as Case No. 19-3078.

5. Because the Individual Defendants have taken an interlocutory appeal "it is well settled that discovery should not be allowed from these defendants until those threshold

immunity questions are resolved." *McCormick v. City of Lawrence, Kan.*, 218 F.R.D. 687, 693 (D. Kan. 2003) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)).

6. This Court also has broad discretion to stay the case pending resolution of the interlocutory appeal, because doing so would create a much more efficient discovery process. "It would indeed make little sense to bifurcate discovery into two phases—an initial phase involving everyone other than [the Individual Defendants], then a second phase involving only discovery with [the Individual Defendants]." *Id.*

7. Here, just as in *McCormick*, it is clear from a review of Plaintiff's First Amended Complaint, that the Individual Defendants are central to Plaintiff's claims on all counts, including those against KU. Thus, because those Individual Defendants cannot be subjected to any discovery as a matter of law, embarking on some sort of bifurcated discovery process would be "wholly inefficient." *Id.*

8. In addition to the interlocutory appeal, this Court should also stay this case until the completion of Plaintiff's suit in state court under the Kansas Judicial Review Act ("KJRA") (which is likely to be completed this calendar year). *See Joritz v. The University of Kansas*, Case No. 2016-CV-000254 (Douglas County, Kansas, Div. 4). The resolution of this case in state court should result in the dismissal of *all* of Plaintiff's claims against KU in this case on res judicata grounds.

9. Each of Plaintiff's claims against KU in the First Amended Complaint is brought under Title VII (with the exception of a sole breach of contract claim that the Court properly dismissed pursuant to Eleventh Amendment immunity), and arises from Plaintiff's non-renewal as a faculty member, which Plaintiff challenges on various grounds in state court under the KJRA.

10. In Plaintiff's state-court lawsuit, she also asserted a Title VII claim.

11. As KU explained in its motion to dismiss here, during those state court proceedings, KU and Plaintiff entered into a stipulation whereby Plaintiff voluntarily dismissed her Title VII claim *with prejudice*. Doc. 55 at 10-14. The state court entered that stipulation. *Id.*

12. KU further explained that this dismissal with prejudice has res judicata effect and bars Plaintiff's Title VII claims in this case. *Id.*

13. This Court declined to address res judicata on KU's motion to dismiss, however, because the prior state-court dismissal was not "in a journal entry or judgment form under K.S.A. 60-254(b) or K.S.A. 60-258." Doc. 81 at 15.

14. Although KU does not concede that such an entry is required for res judicata here because the prior dismissal was a stipulated voluntary dismissal with prejudice,[1] the state court has now imposed a briefing schedule and hearing date to resolve all of Plaintiff's remaining state court claims.

15. Specifically, briefing will be completed by September 13, 2019 and the court will hold a final hearing on October 1, 2019.

16. Accordingly, since final judgment is likely in the state court proceeding sometime this year (on a roughly similar timeframe to the interlocutory appeal), this Court should stay this case until final judgment in the state proceeding.

17. At that point, there will be no question that the judgment is final, and this Court will then certainly be in a position to evaluate KU's res judicata arguments.

---

[1] *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009); *see also Brooks v. Barbour Energy Corp.*, 804 F.2d 1144, 1146 (10th Cir. 1986); *Wright v. Barrett*, 1997 WL 728196, at *8-9 (D. Kan. 1997).

18. A stay would prevent discovery from occurring on claims that are barred by res judicata. Because the purpose of that doctrine is to "relieve parties the cost and vexation of multiple lawsuits" and "conserve judicial resources," it is particularly appropriate here to stay the case until the res judicata issue can be fully adjudicated. *See SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990).

19. In addition to the grounds stated above, KU notes that a stay would also alleviate the various purported concerns Plaintiff has raised in her own recent motion for extension—principally, her claim that she is unable, as a pro se litigant, to timely prosecute parallel state and federal proceedings, along with a federal appeal. While Plaintiff has sought to remedy that situation by requesting a general ten week extension of all initial deadlines, as the docket in this case reflects (*see, e.g.*, Docs. 9, 11, 13, 15, 17, 25, 27, 35, 37, 39, 45, 47, 56, 59, 61, 63, 87, 88), Plaintiff has a history of filing successive motions for extension. And there is every reason to believe that, were she to be granted the initial ten week extension she requests now, she would be before the Court in late June or early July seeking more extensions. Simply staying the case pending completion of the interlocutory appeal and state court KJRA proceeding will provide certainty and prevent the proliferation of further motion practice over repeated extensions.

---

**Wherefore,** KU respectfully requests that this Court grant this Motion to Stay the Case until the conclusion of the interlocutory appeal and Plaintiff's case currently pending in state court.

4

Respectfully submitted,

/s/ Derek T. Teeter
DEREK T. TEETER          KS BAR NO. 23242
MICHAEL T. RAUPP         KS BAR NO. 25831
HUSCH BLACKWELL LLP
4801 Main St., Suite 1000
Kansas City, MO  64112
(816) 983-8000
(816) 983-8080 (FAX)
derek.teeter@huschblackwell.com
michael.raupp@huschblackwell.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2019, I filed the foregoing document via the Court's ECF system, which will provide notice to all counsel of record receiving electronic notice. On the same day, a paper copy was mailed via first-class, prepaid U.S. Mail and by email to:

Catherine A. Joritz, pro se
PO Box 422
Perry, KS 66073
Email: cjanimate@aol.com

/s/ Derek T. Teeter
*Attorney for Defendants*

5