**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CATHERINE A. JORITZ,
                        Plaintiff, *Pro Se*


            -vs-                              Case No. 5:17-cv-04002-SAC-KGS
                                             Honorable Judge Sam A. Crow

THE UNIVERSITY OF KANSAS, Et Al.
                        Defendants.


**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S EMERGENCY MOTION FOR AN EXTENSION OF TIME**
**FOR INITIAL DISCLOSURES AND PLANNING MEETING**
**AND MOTION TO CONTINUE SCHEDULING CONFERENCE**

Plaintiff, Catherine A. Joritz, *Pro Se*, (hereafter "Professor Joritz") submits this reply to

Defendant's Response in Opposition to Plaintiff's Emergency Motion for an Extension of Time

for Initial Disclosures and Planning Meeting and Motion to Continue Scheduling Conference.

Defendant University of Kansas (hereafter "University") offers no legal basis or meritorious

arguments that justify a denial of Professor Joritz' request.

1.      In its Response, the University does not deny most arguments presented by

Professor Joritz in her Emergency Motion for an Extension of Time for Initial Disclosures and

Planning Meeting and Motion to Continue Scheduling Conference (Doc. 88, "Emergency

Motion"), *see* ¶¶ 5, 14, 15, 17, and 18.

2.      In its Response, the University conflates its Opposition to Professor Joritz' Motion

for an Extension of Time/Motion to Continue (Doc. No. 88) with arguments defending its recently

filed pleading "DEFENDANT UNIVERSITY OF KANSAS' MOTION TO STAY THE CASE

AND MEMORANDUM IN SUPPORT" (Doc. No. 93). Professor Joritz has not had time to research, understand the legal consequences of, nor respond to Defendant's Motion to Stay, and therefore herewith addresses only her Emergency Motion for an Extension of Time/Continuance, which is the matter at hand.

3.     ¶1 of the University's Response includes:

> *"...the undersigned* (University's Attorney Teeter) *informed Plaintiff that KU would agree to stay this litigation until the interlocutory appeal in this case is resolved by the Tenth Circuit."*

In reality, Mr. Teeter suggested that Professor Joritz' federal lawsuit be stayed in its entirety until the KJRA state court proceedings are finished, which upon information and belief, will continue into 2020. Professor Joritz requests herewith that the Court take judicial notice of EXHIBIT 1, an email sent by University Attorneys on April 23, 2019, which includes the following excerpt, emphasis added:

> *What we would agree to, however, and propose, is a joint motion to stay the lawsuit in federal district court entirely **until such time as the state court proceeding (KJRA) is final** and the Tenth Circuit appeal filed by the individual defendants is completed.*

In its own words (Doc. No. 92, p.2, ¶1), the University's opposition to Professor Joritz' Motion is not based on arguments with merit or legal basis, but is instead punitive in nature. The University seeks to punish Professor Joritz for enacting the common legal practice of "electing to" file her motion for an extension of time, despite the University's opposition, and because Professor Joritz did not respond within 48 hours to the University's emailed request for a stay (emailed by the University to Professor Joritz on April 23, 2019, 7:01pm, excerpt, emphasis added):

> **Because Plaintiff elected to file her Emergency Motion as opposed to jointly**

*requesting a stay*, KU opposes this motion and files a Motion for Stay contemporaneously herewith.

4.      On multiple pages in its Response, the University attempts to argue that Professor Joritz' request for more time is due solely to *"burdens of her own making"* (p.2, ¶3) and is *"a problem of her own creation"*, (p.3, ¶5). In support of blaming Professor Joritz, the University cited the initial filing dates of Professor Joritz' two lawsuits against the University. Aside from the fact that an employee is legally *required* to file a KJRA case within 30 days of termination, i.e. has little choice regarding the initiation date of a KJRA case (see K.S.A. 77-601 *et seq.),* the University attempts to sully this matter with accusations that are irrelevant and have no legal basis. The University's argument again smacks of a punitive nature and is without merit.

5.      On p.3, ¶4 the University states that Docs. 86 and 83 require *"no response at all from Plaintiff"* and *"no response from Plaintiff before this Court"*, implying that Professor Joritz is not burdened by said pleadings. <u>The University's Response (paragraph 4) ironically underscores the necessity of Professor Joritz' motion for additional time as well as the University's insensitivity to a Pro Se litigant's situation.</u> An experienced attorney can review documents and acquire an immediate grasp of the type of document he or she is looking at, the laws, statutes and court rules involved, whether a document requires a response or not, how much time a response will require to formulate, the ramifications of the document, etc. By contrast, a Pro Se litigant lacks such experience and education and must review and research each and every newly filed document with the care, thoroughness, curiosity and critical thinking a biologist would apply to examining a newly discovered creature: The document's content and terminology must be analyzed, understood and deliberated including, but not limited to, the statutes and case law cited, the requirements stated or

implied, whether a response is required, what options the Pro Se litigant has to address the newly filed document, finding out which Court rules apply, authoring pleadings, etc., etc. All pleadings must be organized, stored, dates notated, etc. Case law must be researched. A Pro Se litigant conducts this work without the assistance of co-workers, without pay, without a support system that includes paralegals, office equipment, fellow attorneys, other knowledgeable colleagues, specialized software systems and the other immeasurable resources the University has at its disposal. Reviewing, researching and authoring pleadings and other documents require FAR more time for a pro Se litigant than for a licensed attorney.

Further, paragraph 4 is disingenuous, as it fails to mention the additional new legal burdens that Professor Joritz is now confronted with in the Tenth Circuit Court of Appeals (19-3078, Joritz v. Gray-Little, et al, Dist/Ag docket: 5:17-CV-04002-SAC-JPO), including all the necessary legal research, Court of Appeals requirements, deadlines, schedules, documents, rules, etc. that Professor Joritz must familiarize herself with.

Finally, Professor Joritz respectfully requests that this Court take judicial notice that the University has TWO attorneys assigned to this case. The fact that the University requires two lawyers from a large, prestigious law firm in addition to its own substantial legal team is indicative of the complicated nature and extensive work required to both prosecute and defend this case.

6.    Regarding ¶6 on page 4 of the University's Response:

> *Plaintiff suggests that she intends to "seek legal advice" concerning KU's*
> *filings while still purporting to maintain her pro se status.*

The Constitutionally protected right of a Pro Se litigant to seek legal advice is obvious and need not be defended here. Nonetheless, in a good faith effort, Professor Joritz provided the University

with an affidavit confirming her Pro Se status (EXHIBIT 2). The University responded via email with additional baseless accusations and demands, further eroding Professor Joritz' time.

## CONCLUSION

Professor Joritz has not previously filed a motion for an extension of time or continuance in this matter. Professor Joritz' Motion and Reply are made in good faith and in the interest of justice. As a Pro Se litigant, Professor Joritz simply requires far more time for every aspect of this case, than an experienced attorney.

For the foregoing reasons and those in her Emergency Motion for an Extension of Time for Initial Disclosures and Planning Meeting and Motion to Continue Scheduling Conference, Professor Joritz respectfully requests that this Court grant a ten-week (10) extension of time and continuance for the initial disclosures, planning meeting, and scheduling conference for this case, with the new dates as follows:

• Scheduling conference in accordance with Fed. R. Civ. P. 16 on **August 1, 2019**

• The parties, in person and/or through counsel, must confer as required by Fed. R. Civ. P. 26(f) by **July 15, 2019.**

• By **July 23, 2019**, plaintiff must submit the completed report of the parties' planning conference to the chambers of the undersigned magistrate judge, along with copies of the parties' Rule 26(a) initial disclosures.

DATE: April 29, 2019

Respectfully submitted,

Catherine A. Joritz, *pro Se*

PO Box 422,
Perry, KS 66073
T: (630) 857-8907
E: cjanimate@aol.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CATHERINE A. JORITZ,
                            Plaintiff, *pro Se*

            -vs-                                    Case No. 5:17-cv-04002-SAC-KGS
                                                    Honorable Judge Sam A. Crow

THE UNIVERSITY OF KANSAS, et Al.
                            Defendants.

## NOTICE

        TO:    Derek Teeter and Michael Raupp, *Attorneys for Respondent University of Kansas*

You are hereby notified that Cathy Joritz, *pro Se*, did on April 29, 2019 cause to be filed with the
Court per email:

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO
### PLAINTIFF'S EMERGENCY MOTION FOR AN EXTENSION OF TIME
### FOR INITIAL DISCLOSURES AND PLANNING MEETING
### AND MOTION TO CONTINUE SCHEDULING CONFERENCE

You have been emailed a copy of this motion on April 29, 2019 to

Derek T. Teeter derek.teeter@huschblackwell.com
Michael T. Raupp michael.raupp@huschblackwell.com

and have been sent on April 30, 2019 a copy via postage pre-paid U.S. Mail, upon:

DEREK T. TEETER / MICHAEL T. RAUPP *Attorneys for the University of Kansas*
HUSCH BLACKWELL LLP,  4801 Main Street, Suite 1000, Kansas City, Missouri 64112

Cathy Joritz, *pro Se*

PO Box 422, Perry, KS 66073,
E: cjanimate@aol.com, (630) 857-8907

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CATHERINE A. JORITZ,
                          Plaintiff, *pro Se*


                -vs-                              Case No. 5:17-cv-04002-SAC-KGS
                                                 Honorable Judge Sam A. Crow
THE UNIVERSITY OF KANSAS, Et Al.
                          Defendants.

## CERTIFICATE OF SERVICE

The undersigned Plaintiff, *pro Se*, certifies that a true and correct copy of the foregoing was filed with the Court via email on the April 29, 2019, and on the same day sent via email to

Derek T. Teeter derek.teeter@huschblackwell.com
Michael T. Raupp michael.raupp@huschblackwell.com

A paper copy was also served on April 30, 2019 via first-class, prepaid U.S. Mail upon:

DEREK T. TEETER / MICHAEL T. RAUPP *Attorneys for the University of Kansas*
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000,
Kansas City, Missouri 64112

                                    /s Catherine A. Joritz, *pro Se*
                                       PO Box 422
                                       Perry, KS 66073
                                       E: cjanimate@aol.com
                                       T: (630) 857-8907