UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CATHERINE A JORITZ,

       Plaintiff,

v.                                      Case No. 17-4002-SAC

THE UNIVERSITY OF KANSAS, et al.,

       Defendants.

## ORDER

Defendant The University of Kansas ("KU") has filed a motion to stay discovery and other pretrial proceedings (ECF No. 93) pending resolution of (1) an interlocutory appeal filed by the individual defendants in this case challenging the denial of their motion to dismiss on qualified immunity grounds,[1] and (2) completion of a case plaintiff filed against KU in Kansas state court.[2] For the reasons discussed below, the motion is granted to the extent a stay is sought on the first ground, but is denied without prejudice to the extent a stay is sought on the second ground.

The decision whether to stay discovery rests in the sound discretion of the district court.[3] But when a defendant asserts immunity as a defense, the Supreme Court has

---

[1] *See* ECF Nos. 81 & 83.

[2] *Joritz v. The University of Kansas*, Case No. 2016-cv-000254 (Douglas County, Kansas).

[3] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

1

counseled against proceeding with discovery until the immunity questions are resolved.[4]
In addition, when an interlocutory appeal is filed, the district court is divested of jurisdiction over matters involved in the appeal.[5]

Given the current state of the proceedings, the court concludes that a stay of all pretrial matters—including discovery and the scheduling of deadlines—is warranted until the Tenth Circuit decides the immunity questions appealed by the individual defendants. Although the court retains jurisdiction over KU, who has not appealed, it would "make little sense to bifurcate discovery into two phases—an initial phase involving [the defendant who has not appealed], then a second phase involving only discovery with [the defendants who appealed]."[6] The incidents upon which plaintiff's claims are based involve both individual defendants and KU. It will be more efficient for the parties to conduct discovery surrounding each of those incidents collectively, rather than in a piecemeal, segmented fashion.

Plaintiff expresses concern that two KU employees with "critical" information about the case are retiring, such that a discovery stay will make it "far more difficult if not

---

[4]*Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991) ("'Until this *threshold* immunity question is resolved, discovery should not be allowed.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (emphasis in original)); *see also Gallegos v. City and Cnty. of Denver*, 984 F.2d 358, 361 (10th Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability." (citing *Harlow*, 457 U.S. at 817–18)).

[5]*Walker v. City of Orem*, 451 F.3d 1139, 1146 (10th Cir. 2006); *Stewart v. Donges,* 915 F.2d 572, 574-77 (10th Cir. 1990).

[6]*McCormick v. City of Lawrence, Kan.,* 218 F.R.D. 687, 693 (D. Kan. 2003).

impossible" to later obtain discovery from them.[7]  But this conclusory statement is not supported by any details.  To the extent plaintiff has specific information about the plans of these potential witnesses (such as intent to move out of state), she may file a separate motion for a narrowly limited exception to the discovery stay.

To the extent KU seeks to stay these proceedings further pending a resolution of the state case, the request is denied at this time.  The U.S. District Judge presiding over this case, Sam A. Crow, has recognized that the ultimate entry of a final judgment in the state case *may* result in the dismissal of plaintiff's claims against KU on res judicata grounds.[8]  This potential outcome *could* present a reason to continue the stay even after the Tenth Circuit decides the pending appeal filed by the individual defendants.  But this question is better addressed when there is more certainty as to which defendants are properly named in this suit.  In addition, the timing set forth in the parties' briefs indicates the state case even may be resolved before the Tenth Circuit rules, which would moot this second requested basis for a stay.  KU may renew this request, if it is still relevant, after the Tenth Circuit issues its ruling.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

---

[7] ECF No. 106 at 7.

[8] ECF No. 81 at 13-14.

1) The motion to stay pending a decision on the interlocutory appeal is granted. All pretrial proceedings in this case, including discovery, are stayed until further order of the court.

2) Within 14 days of the Tenth Circuit's ruling on the interlocutory appeal, the parties shall confer and submit a Rule 26(f) planning-meeting report to the undersigned's chambers, *unless* by that time KU has filed a renewed motion to continue the stay pending resolution of plaintiff's state case.

Dated May 22, 2019, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge