IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CATHERINE A. JORITZ,

              Plaintiff,

vs.                                     Case No. 17-4002-SAC-JPO

UNIVERSITY OF KANSAS, et al.,

              Defendants.

**O R D E R**

This case arises from plaintiff's employment as an instructor at the University of Kansas ("KU"). KU decided not to renew plaintiff's contract prior to plaintiff gaining tenure. Plaintiff, who proceeds pro se, has alleged employment discrimination and illegal retaliation in violation of Title VII of the Civil Rights Act of 1964.[1]

This case is before the court upon KU's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). KU contends that plaintiff's claims in this case are barred by the doctrine of res judicata or claim preclusion. Generally speaking, "[c]laim preclusion prohibits a party from asserting in a second lawsuit any matter that might have been asserted in the first lawsuit." Stanfield v. Osborne Industries, Inc., 949 P.2d 602, 612 (Kan. 1997).

---

[1] The court has dismissed a Title VII national origin discrimination claim and a breach of contract claim against KU.

1

It is undisputed that plaintiff filed suit against KU in the state district court for Douglas County, Kansas in June 2016. This was also a pro se action. In the state court suit, plaintiff alleged sex discrimination, national origin discrimination and retaliation and other wrongful conduct in violation of Title VII. Plaintiff also asked for review under the Kansas Judicial Review Act (KJRA). On October 17, 2016, plaintiff and KU entered into a stipulation to dismiss her Title VII claims. Plaintiff has stated that the stipulation was motivated by her failure to receive a right-to-sue letter. The stipulation was drafted by KU's counsel and signed by plaintiff and counsel for KU. The stipulation stated that the parties requested the dismissal of Count VI (which contained plaintiff's Title VII claims) "with prejudice." The state court judge entered a stipulated order of partial dismissal with prejudice approved by both sides on October 18, 2016. No separate judgment was entered upon the partial dismissal order.

The state court case continued upon plaintiff's KJRA claims. A memorandum decision finding in favor of KU was entered on March 6, 2020. The decision states that it "constitutes the journal entry in this case and judgment is entered in accordance with the findings herein made." Doc. No. 115-5, p. 2. Plaintiff has appealed that decision and the appeal is currently pending.

2

I. Standards

The court applies the same standards to a motion for judgment on the pleadings as the standards applied to a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). BV Jordanelle, LLC v. Old Republic Nat'l Title Ins. Co., 830 F.3d 1195, 1200 (10th Cir. 2016). The court accepts as true all well-pleaded allegations in the complaint, resolves all reasonable inferences in plaintiff's favor, and decides whether it is plausible that plaintiff is entitled to relief. Diversey v. Schmidly, 738 F.3d 1196, 1199 (10th Cir. 2013)(reviewing Rule 12(b)(6) standards). The court also liberally construes plaintiff's pro se pleadings (see id.) and may take judicial notice of federal and state court documents. See Johnson v. Spencer, 950 F.3d 680, 705-06 (10th Cir. 2020); Pace v. Swerdlow, 519 F.3d 1067, 1072-73 (10th Cir. 2008).

In general, the doctrine of res judicata, or claim preclusion, prevents a party from litigating a claim that was or could have been the subject of the prior final judgment. MACTEC, Inc. v. Gorelick, 427 F.3d 821, 831 (10th Cir. 2005). The underlying principle of claim preclusion is "that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." Stone v. Dept. of Aviation, 453 F.3d 1271, 1275 (10th Cir. 2006)(citation omitted).

Federal courts are required to give a state-court judgment "the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); Campbell v. City of Spencer, 777 F.3d 1073, 1077-78 (10th Cir. 2014). Under Kansas law, according to the Tenth Circuit,

> "the doctrine of res judicata will bar a successive suit [when] the following four elements [are] ... met: '(a) the same claim; (b) the same parties; (c) claims that were or could have been raised; and (d) a final judgment on the merits.'" Cain v. Jacox, 302 Kan. 431, 354 P.3d 1196, 1199 (2015)(quoting In re Tax Appeal of Fleet, 293 Kan. 768, 272 P.3d 583, 589 (2012)). Even when these four elements are met, res judicata "does not apply when the party against whom the earlier decision is asserted did not have a full and fair opportunity to litigate the claim." Kremer v. Chem. Constr. Corp., 456 U.S. 461, 481–82 & n.22, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)(quotation marks omitted).

Columbian Financial Corporation v. Bowman, 768 Fed.Appx. 847, 851 (10th Cir. 2019). The Tenth Circuit has stated that "the absence of a full and fair opportunity to litigate is more appropriately treated as an exception to the application of claim preclusion when the [other] requirements are met." MACTEC, 427 F.3d at 831 n.6. It is considered a "narrow exception" applying "only where the requirements of due process were not afforded . . . where a party shows 'a deficiency that would undermine the fundamental fairness of the original proceedings.'" Lenox v. MacLaren Survival Corp. v. Medtronic, Inc., 847 F.3d 1221, 124339 (10th Cir. 2017)(quoting Nwosun v. General Mills Restaurants, Inc., 124 F.3d

4

1255, 1257 (10th Cir. 1997)); see also Zafer v. Hermann, 2018 WL 2374619 *4 (Kan.App. 2018)(exception is "exceedingly narrow"). Plaintiff has burden of showing the absence of a full and fair opportunity to litigate against defendant's claim preclusion motion.[2]  Sullivan v. DaVita Healthcare Partners, Inc., 780 Fed.Appx. 612, 615-16 (10th Cir. 2019).  "The fairness of the prior proceeding 'is determined by examining any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the nature or relationship of the parties.'"  Lenox, 847 F.3d at 1239 (quoting Nwosun, 124 F.3d at 1257-58); see also Rhoten v. Dickson, 223 P.3d 786, 799 (2010)(citing Burrell v. Armijo, 456 F.3d 1159, 1172 (10th Cir. 2006))(reciting same factors).

II. Same claim and same parties

The same parties are involved in this litigation and the state court action.  The same claims are involved in the two cases as well.  The Title VII claims plaintiff raised against KU in state court are the same as or similar to the Title VII claims plaintiff raised against KU in this court.  Exact similarity is not required for claim preclusion.  The Kansas Supreme Court in Stanfield, 949 P.2d at 611 stated:  "The current meaning of the term 'claim,' within the context of claim preclusion, is defined in factual terms

---

[2] If the burden was assessed to KU in this case, the court would find that KU has sustained that burden.

so that the same factual 'transactions' or 'series of connected transactions' is one claim, regardless of the number of substantive legal theories that may be available to the plaintiff based on those facts."[3]  There can be no dispute that plaintiff's claims in the state court case and in this case arise from the same factual transactions or series of transactions.

III. Claims that were or could have been raised

The court further finds that plaintiff could and did raise the same Title VII claims against KU in state and federal court. On June 13, 2016, when plaintiff filed her petition in state court, she had not received a right-to-sue letter as required to successfully bring a Title VII action in court.[4]  This opened the way for an administrative exhaustion defense, not a subject matter jurisdiction defense.  See Lincoln v. BNSF Railway Company, 900 F.3d 1166, 1185-86 (10th Cir. 2018)(overriding prior Tenth Circuit rulings that the failure to exhaust in this kind of situation was a jurisdictional defense).  Plaintiff, however, could have added her Title VII claim to her state court action after receiving her right to sue letter or sought a stay of her state court action until she received a right-to-sue letter.  See Wilkes v. Wyoming Dept. of Employment Division of Labor Standards, 314 F.3d 501, 506

---

[3] The Stanfield decision was applying the federal law of claim preclusion.  The court observed, however, that there was little significant difference between Kansas law and federal law in this area.  949 P.2d at 608.
[4] A right-to-sue letter from the EEOC was mailed to plaintiff on October 13, 2016.  Doc. No. 1-2.  Plaintiff filed this action on January 6, 2017.

6

(10th Cir. 2002); see also Yung-Kai Lu v. University of Utah, 790 Fed.Appx. 933, 936 (10th Cir. 2019) cert. denied 2020 WL 1496787 (3/30/2020)(sustaining a similar claim preclusion defense against a pro se plaintiff stating that a right-to-sue letter "does not affect the rules of claim preclusion").

IV. Final judgment on the merits

The state court issued a memorandum decision expressly resolving the KJRA claims in plaintiff's petition. The court called the decision "the journal entry in this case" and "judgment." Doc. No. 115-5, p. 2. Under K.S.A. 60-254(a), a "judgment" is "the final determination of the parties' rights in an action."[5] "The archetypal final decision is 'one[] that trigger[s] the entry of judgment.'" Hall v. Hall, 138 S.Ct. 1118, 1124 (2018)(quoting Mohawk Industries, Inc. v. Carpenter, 558 U.S. 100, 103 (2009)). "An appeal would normally lie from that judgment." Id. Here, an appeal has proceeded without

---

[5] See also Snyder v. Schiffner, 2011 WL 2191696 *1 (Kan.App. 6/3/2011)(order which reserved no further questions or directions for future action is a final judgment); Kansas Medical Mut. Ins. Co. v. Svaty, 244 P.3d 642, 653 (Kan. 2010)(defining a "final" appealable decision as "one that finally decides and disposes of the entire merits of the controversy and reserves no further questions or directions for the future or further action of the court") (interior quotation omitted); see also Honeycutt by and through Phillips v. City of Wichita, 836 P.2d 1128, 1134 (Kan. 1992)(journal entry dismissing remaining claims and reserving no further questions or giving direction for future action is a final decision).

certification of a final judgment by the district court on any separate or individual claim under K.S.A. 60-254(b).[6]

These circumstances show that a final judgment on the merits has been made by the state court. The final judgment has a claim preclusive impact upon plaintiff's Title VII claims for two independent reasons. First, in effect, the stipulation of partial dismissal with prejudice of plaintiff's Title VII claims was incorporated in the final decision. See McBride v. CITGO Petroleum Corp., 281 F.3d 1099, 1104 (10th Cir. 2002)(noting general rule that all earlier interlocutory orders merge into final orders and judgments except when the final order is a dismissal for failure to prosecute). Thus, the stipulation of the parties as approved by the state district court is a part of the judgment on the merits which is res judicata and bars a later lawsuit on the same claims. Honeycutt, 836 P.2d at 1133-34.

In any event, the decision dismissing plaintiff's KJRA claims is clearly a final judgment on the merits of a claim that arises from the same transactions as plaintiff's Title VII claim. Therefore, it also supports the application of res judicata against plaintiff's Title VII claim.

---

[6] Plaintiff's appeal does not suspend the finality of the state district court's judgment. Klaassen v. Atkinson, 348 F.Supp.3d 1106, 1160-61 (D.Kan. 2018); Bui v. IBP, Inc., 205 F.Supp.2d 1181, 1189 (D.Kan. 2002).

V. Full and fair opportunity to litigate claim

Plaintiff alleges that KU, through counsel, engaged in trickery to deny a pro se plaintiff of her opportunity to litigate her Title VII claims by including the words "with prejudice" in the stipulation of partial dismissal.  Plaintiff alleges she did not know that the words "with prejudice" meant she would be precluded from bringing her Title VII claims in all courts, including federal court.  Plaintiff invites this court, in the spirit of liberally construing pro se pleadings and making sure plaintiff's Title VII claims are heard, to treat the stipulated dismissal as one without prejudice because that accords with plaintiff's obvious intent.

Plaintiff's arguments do not demonstrate "significant procedural limitations" in the state court action, or show that she lacked incentive to fully litigate the Title VII issues in state court, or show that effective litigation was limited by the parties' nature or relationship.  Nor does plaintiff establish that it is fundamentally unfair in most instances to dismiss a claim with prejudice upon the stipulated agreement of both sides.

As plaintiff points out, KU previously filed motions to dismiss advancing a res judicata argument based upon the stipulated dismissal of the Title VII claims - - Doc. No. 8, filed June 7,

2017, and Doc. No. 54, filed December 11, 2018.[7] Thus, plaintiff has had notice that KU would claim she was precluded from bringing her Title VII claims in this court because of the stipulated order of dismissal.[8] Despite this knowledge, plaintiff has not attempted to obtain state court relief from the order dismissing plaintiff's Title VII claims with prejudice.[9]

In a somewhat similar situation, the Tenth Circuit affirmed the dismissal of an employment discharge case on res judicata grounds, based upon a prior stipulated dismissal with prejudice of an overtime compensation case. Yapp v Excel Corp., 186 F.3d 1222 (10th Cir. 1999). The plaintiff in Yapp was represented by counsel. But, as with counseled litigants, despite the solicitous construction given to pro se pleadings, pro se litigants are held to their statements. See Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1024 (10th Cir. 2012)(relying on the pro se plaintiff's statement of his own cause of action to find that complaint made out a state, not federal, cause of action). Pro se litigants are also held to the consequences of the res judicata doctrine. See

---

[7] The court did not reach the issue as presented in Doc. No. 8 because plaintiff filed an amended complaint which rendered the motion to dismiss moot. The court did not finally determine the issue as presented in Doc. No. 54 because the court found that KU had not shown that a judgment had been entered dismissing the Title VII claims.

[8] Also, it has been suggested in pleadings (e.g., Doc. No. 69, pp. 5-6) that plaintiff could ask the state court to alter or amend an order or judgment.

[9] Plaintiff once suggested that this court use the provisions of Fed.R.Civ.P. 60 to set aside or modify the dismissal with prejudice. Doc. No. 67, p. 33. This court does not have authority to set aside or modify a state court order in these circumstances. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).

10

Watlington v. Browne, 791 Fed.Appx. 720, 724 (10th Cir. 2019)(preclusive effective of prior judgment not diminished because plaintiff litigated pro se); Jara v. Standard Parking, 753 Fed.Appx. 558, 560 (10th Cir. 2018)(same); Lansing v. Wells Fargo Bank, N.A., 894 F.3d 967, 972 (8th Cir. 2018)(pro se status does not deprive plaintiff of a full and fair opportunity to litigate)(applying Minnesota law); Johnson v. Dept. of Veterans Affairs, 611 Fed.Appx. 496, 498-99 (10th Cir. 2015)(pro se litigant barred from bringing retaliation claim with the MSPB by earlier arbitration proceeding, although he alleged that the agency failed to inform him that he could have arbitrated the retaliation claim).

In conclusion, the court finds that this is not the "narrow" situation where a plaintiff was denied a full and fair opportunity to litigate her claim in state court.

## VI. Conclusion

For the above-stated reasons, the court shall grant KU's motion for judgment on the pleadings. Doc. No. 114.

**IT IS SO ORDERED.**

Dated this 3rd day of September 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge