IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CATHERINE A. JORITZ,

           Plaintiff,

vs.                              Case No. 17-4002-SAC-JPO

UNIVERSITY OF KANSAS,

           Defendant.

**O R D E R**

    This case arises from plaintiff's former employment as a professor at the defendant University ("KU"). Plaintiff pro se filed this action after filing a case with claims, including a Title VII claim, arising from the same facts in state court. Shortly after the state court case was started, plaintiff and defendant KU entered a stipulation to dismiss the state court Title VII action with prejudice. The stipulation was approved by the state district court judge. Plaintiff has said that she assumed the dismissal applied to the state court only. Doc. No. 118, p. 5. Following the stipulated dismissal, plaintiff filed her Title VII claims here.

    The state court case proceeded upon claims under the Kansas Judicial Review Act (KJRA). During the progress of the litigation in this court, KU asked for and was denied judgment on the basis of res judicata. However, after a final judgment was entered in

1

the state court case, which is now on appeal by plaintiff, KU again asked for and this time the court granted judgment on the pleadings upon res judicata grounds.  Doc. No. 123.  At that time, a Title VII claim against KU was the only remaining claim in this case.

This matter is now before the court upon plaintiff's motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e).  Doc. No. 125.  Plaintiff contends that the court erred in applying res judicata to dismiss plaintiff's Title VII action.

I. Rule 59(e) standards

This court reviewed the standards for a Rule 59(e) motion in Coffman v. Hutchinson Cmty. Coll., 2018 WL 3458513 *1 (D. Kan. 7/18/2018):

> A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) may be granted only if the moving party can establish (1) an intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice." Wilkins v. Packerware Corp., 238 F.R.D. 256, 263 (D. Kan. 2006), aff'd, 260 Fed.Appx. 98 (10th Cir. 2008) (citing Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 948 (10th Cir. 1995)); see also Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

"Reconsideration may . . . be appropriate 'where the court has misapprehended the facts, a party's position, or the controlling law.'" Sonnino v. Univ. of Kan. Hosp. Auth., 221 F.R.D. 661, 664 (D.Kan. 2004)(quoting Servants, 221 F.3d at 1012).  But, "[a] motion to reconsider is not appropriate if the movant only wants

2

the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally." <u>Martin Marietta Materials, Inc. v. Kansas Dept. of Transp.</u>, 953 F.Supp.2d 1176, 1203 (D.Kan. 2013).

II. <u>Full and fair opportunity to litigate</u>

Plaintiff claims that the court erred in finding res judicata because she did not have a full and fair opportunity to litigate her claim in state court. In support of this argument, plaintiff lists what she considers "multiple gross factual errors" in the state trial court's decision regarding her KJRA claim. This argument is rejected for the following reasons.

As this court noted in our previous order, the question of whether a party had a full and fair opportunity to litigate a claim is considered a narrow exception to the res judicata doctrine. Doc. No. 123, p. 4 (citing <u>Lenox v. MacLaren Sur[g]ical Corp. v. Medtronic, Inc.</u>, 847 F.3d 1221, 1243[] (10th Cir. 2017)). The "claim" in question here is plaintiff's Title VII claim. Plaintiff had the opportunity to litigate her Title VII claim in state court, but signed off on an agreed dismissal of her claim which led to a final judgment. The fact that plaintiff did not take full advantage of her opportunity to litigate her Title VII claim in state court does not mean the procedures were inadequate. <u>Kremer v. Chemical Const. Corp.</u>, 456 U.S. 461, 485 (1982). Plaintiff's

3

attacks upon the state court's KJRA findings are not relevant to the adjudication of her Title VII claim in state court.

Even considering those attacks, they do not show a lack of due process or fundamental fairness. See Fox v. California Franchise Tax Bd., 443 Fed.Appx. 354, 361 (10th Cir. 2011)(the minimal procedural protections of the Due Process Clause for an adjudication are generally notice and an opportunity for an appropriate hearing); Carter v. City of Emporia, 815 F.2d 617, 621 (10th Cir. 1987)(state court proceedings need only satisfy the minimum procedural requirements); see also Liteky v. U.S., 510 U.S. 540, 555 (1994)("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). Plaintiff's arguments only invite the court to do what the res judicata doctrine protects against, review another court's work regarding the same transactions. Crocog Co. v. Reeves, 992 F.2d 267, 270 (10th Cir. 1993)(rejecting full and fair opportunity claim alleging a series of state court legal errors because plaintiff was essentially arguing the court should assert appellate jurisdiction over Colorado courts).

Finally, in the conclusion of her response brief to KU's motion for judgment on the pleadings, plaintiff alluded to "multiple, gross, factual errors" in the state court's KJRA decision. Doc. No. 118, p. 9. Plaintiff could have presented the specific arguments she is making now in that pleading.

4

III. Closing of pleadings

Plaintiff argues that the court should not have granted judgment on the pleadings because plaintiff, in the conclusion of her brief opposing KU's motion, stated that she would file a second motion for leave to amend her complaint. This argument does not reach the standard for granting a motion to alter or amend. Prior to stating an intention to file a motion to amend, plaintiff said:

> Professor Joritz has acquired new evidence that supports her claims of denial of due process, evidence that proves that the University's internal investigation of Professor Joritz' discrimination and retaliation complaints was a travesty, evidence that proves that Professor Joritz has been, post-employment, subjected to continued discrimination/retaliation by University employees, evidence that proves additional University policy violations during and after Professor Joritz' employment and evidence that points to the destruction of Professor Joritz' reputation by University personnel.

Doc. No. 118, p. 10. Plaintiff did not expressly seek leave to amend and her statement of an intention to do so was unsupported by grounds to find that plaintiff could add new claims against KU (the only remaining defendant) which were not barred by res judicata or the failure to exhaust administrative remedies. Under these circumstances, the court did not err by granting judgment to KU without offering plaintiff leave to amend.[1]

---

[1] Plaintiff cites Lawlor v. National Screen Service Corp., 349 U.S. 322 (1955) in her reply brief. Doc. No. 128, p. 8. That case is distinguishable because it involved two different causes of action. Plaintiff does not deny that her Title VII claim in this court involves the same cause of action as her state court case.

5

IV. Lack of jurisdiction

Plaintiff contends that under Tenth Circuit law at the time plaintiff executed the stipulation of dismissal, the state district court did not have jurisdiction over plaintiff's Title VII claim because plaintiff had not received a right-to-sue letter. Res judicata principles bar plaintiff from collaterally attacking the jurisdiction of the state court that signed the stipulated dismissal order. See Insurance Corp. v. Compagnie Des Bauxites, 456 U.S. 694, 702 n.9 (1982).

In any event, plaintiff admits that the Tenth Circuit overturned prior precedent in 2018, while her state case was still pending, and ruled that the absence of a right-to-sue letter was not a jurisdictional defect, but an affirmative defense. Lincoln v. BNSF Ry. Co., 900 F.3d 1166, 1185 (10th Cir. 2018). In general, such rulings have retroactive effect which extends to all pending cases. See Harper v. Va. Dep't of Taxation, 509 U.S. 86, 97 (1993) (holding that, when the Supreme Court applies a rule of law to the case before it, "that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule").

Even if the state court did not have jurisdiction over plaintiff's Title VII claim, the point remains that plaintiff had

6

an opportunity to litigate her claim against KU before the state court and a final judgment was attained in that case. The elements of res judicata have been demonstrated.

V. Misconduct by opposing counsel

Plaintiff alleges that opposing counsel who authored the stipulation of dismissal took advantage of plaintiff's pro se status and ignorance of the law by inserting the words "with prejudice" in the stipulation. As the court has just stated, regardless of whether the stipulation called for dismissal with or without prejudice, the elements of res judicata are satisfied here.[2]

VI. Pro se status

Plaintiff next alleges that relief from judgment is warranted because a pro se plaintiff in plaintiff's position should have been warned of the risk of claim preclusion. The court rejects this argument. See Murry v. General Services Administration, 553 Fed.Appx. 362, 364 (5th Cir. 2014)(rejecting a similar argument). The Tenth Circuit has stated over and again that while a court may liberally construe pro se filings, it must not assume the role of

---

[2] In her reply brief, Doc. No. 128, p. 10, plaintiff requests that the court strike an exhibit (Doc. No. 127-1), which is a stipulation of dismissal with prejudice, and other statements relating to a different case filed by plaintiff years before she was employed by KU. The authority cited by plaintiff Atlas Land Corp. v. Norman, 156 So. 885 (Fla. 1934) involves an appellate court declining to add material to an appellate record which was not part of the record of the court below. It is therefore distinguishable. The court has not relied upon the materials to which plaintiff objects in making any ruling in this case. But, the court declines to strike them.

7

advocate or search the record and construct arguments for a pro se litigant.  E.g., Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008); Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).  Plaintiff compares this case to a situation where a court converts a Rule 12(b)(6) motion to a summary judgment motion or a pro se litigant receives special notice of summary judgment procedures.  A procedural notification required by the language of Rule 12(d) or D.Kan.R. 56.1(f) differs, however, from warning a pro se plaintiff about a potential affirmative defense.

Moreover, plaintiff admits that she knew the elements of res judicata.[3]  Doc. No. 126, p. 21.  What she did not foresee is that the court would disagree with her interpretation of those elements in the context of this case.  It is not the court's role to warn of this possibility.  Warning a pro se litigant regarding the potential for res judicata when the litigant chooses to split his or her cause of action between federal and state courts, would be an unwarranted exercise in advocacy.  The failure to give such warning in this matter does not justify vacating the judgment.

VII.  Timing

Plaintiff next argues that the court's order dismissing this action should be vacated because the court issued the order 11 days after KU filed its reply brief and before plaintiff's intended

---

[3] Also, she had notice that KU had previously sought dismissal upon res judicata grounds which this court had most recently denied for the reason that a final judgment had not yet been entered in the state court action.

motion for leave to file a surreply.[4] A surreply should be allowed before the court may rely on new materials or new arguments in a reply brief. See Pippin v. Burlington Resources Oil and Gas Co., 440 F.3d 1186, 1192 (10th Cir. 2006). Plaintiff does not allege that the court's dismissal order relied upon new materials or new arguments in KU's reply brief or show that a surreply would or should have been permitted in this matter. See King v. Knoll, 399 F.Supp.2d 1169, 1174 (D.Kan. 2005)(surreplies are rarely permitted). Therefore, the court rejects this argument for Rule 59(e) action.

## VIII. Factual inaccuracies

Plaintiff contends that factual misstatements have been made by KU's counsel and the court. She does not credibly claim that these statements are material to the res judicata issue or justify vacating the court's decision to dismiss this action upon res judicata grounds. Therefore, the court rejects this argument to set aside the dismissal order.

## IX. Diligence and conduct of the litigation

Next, plaintiff contends that she has diligently prosecuted her claims, that she lacks significant resources as a pro se litigant, and that KU has the advantage of large firm legal advice. Plaintiff also accuses opposing counsel of unprofessional conduct.

---

[4] The court was not aware when the order was filed that plaintiff was intending to ask for leave to file a surreply.

None of these contentions demonstrates to the court that there was error or manifest injustice in the court's application of the res judicata doctrine. They do not persuasively show that the elements of res judicata are missing or that the elements of the narrow exception to res judicata (significant procedural limitations, missing incentive to litigate in state court, or limits on ability to litigate because of the parties' nature or relationship) are present. Lenox v. MacLaren Surgical Corp. v. Medtronic, Inc., 847 F.3d 1221, 1239 and 1243 (10th Cir. 2017)(discussing elements of res judicata and factors for determining full and fair opportunity to litigate).

X. Procedural limitations

Plaintiff alleges that significant procedural limitations were present in state court, arguing that her Title VII claims could not be adjudicated in a KJRA action and that there are procedural limitations in a KJRA action. While the court is not endorsing a claim that the KJRA proceedings denied plaintiff due process, the key point here is that plaintiff had the opportunity to litigate her Title VII action in state court without the restrictions of the KJRA. Therefore, plaintiff was not denied significant procedural protections as to her Title VII claim in state court. Rather, plaintiff chose to split her cause of action between federal court and state court, and thereby risked claim preclusion.

XI. Conclusion

Finally, general appeals to equity and justice are quite narrowly considered when res judicata is at issue. As the Court stated in Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 401 (1981):

> "Simple justice" is achieved when a complex body of law developed over a period of years is evenhandedly applied. The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply "no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata*." Heiser v. Woodruff, 327 U.S. 726, 733, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946). . . . We have stressed that "[the]doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts . . ." Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 299, 37 S.Ct. 506, 507, 61 L.Ed. 1148 (1917).

In conclusion, for the reasons explained in this order, the court denies plaintiff's motion to alter or amend judgment. Doc. No. 125.

**IT IS SO ORDERED.**

Dated this 27th day of October 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge

11