IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CATHERINE A. JORITZ,

            Plaintiff,

vs.                                          Case No. 17-4002-SAC-JPO

UNIVERSITY OF KANSAS,

            Defendant.

**O R D E R**

This case is before the court upon plaintiff's motion for leave to appeal in forma pauperis. Doc. No. 133. Section 1915 of Title 28, United States Code, allows the court to authorize the commencement of a civil appeal "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefore." As the statute states, the movant must show a financial inability to pay the required fees in an affidavit. Fed.R.App.P. 24(a); Lister v. Department of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005); DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).

Plaintiff's affidavit indicates that she is single with no dependents. She has been unemployed since February 2020 when a job which paid a very modest sum ended because of the pandemic. She has not received unemployment benefits. She owns a home with

1

an estimated value under $80,000.  Plaintiff is unsure of the value because there was a fire in the home in February 2020 which caused extensive damage.  Plaintiff owes approximately $3,000 on the home before it is paid off.  Plaintiff states that she co-owns a Vanguard account with her father.  The account has an approximate value of $50,000.  Plaintiff says that she has "very limited access" to the account because it is "nearly impossible" to obtain her father's signature.  Plaintiff anticipates $3,500 in dental expenses in 2021 and at least $1,500 in legal expenses due to litigation relating to a guardianship for her father.  She also has $35,000 in cash she has received from her insurance company in relation to the fire.  She has relied upon some of this to pay ordinary bills, instead of paying for replacing and cleaning her belongings.  But, $12,500 of that sum must be used for repairs before she can receive any more insurance payments.  Plaintiff states that the total damage far exceeds that amount.  Along with ordinary expenses, plaintiff rents a small apartment in Germany for $400 a month.  She states that she has been unable to terminate the rental because of pandemic travel restrictions.  She anticipates that moving and travel expenses to and from Germany would be about $3,500.

In other cases, this court has held that substantial equity in a home provided fair grounds to deny an in forma pauperis application.  <u>Azzun v. Kansas Dept. of Health and Environment</u>,

2009 WL 5171778 *2 (D.Kan. 12/22/2009)(citing cases at n.8); Scherer v. United States, 2001 WL 1516736 *1-2 (D.Kan. 11/7/2001). Plaintiff appears to have substantial equity in her home, even though it has suffered fire damage.  In addition, plaintiff has access to thousands of dollars of insurance money which she is apparently able to use for any purpose.  And, she co-owns a substantial account with her father.

After due consideration of plaintiff's financial affidavit, the court concludes that plaintiff has not shown that she is unable to pay or give security for fees and costs associated with her appeal.  Therefore, the court shall deny plaintiff's motion for leave to appeal in forma pauperis.  The court directs the Clerk of the Court to immediately notify the Tenth Circuit and the parties of this decision.  See Fed.R.App.P. 24(a)(4).  Plaintiff may file a motion for leave to proceed on appeal in forma pauperis with the Tenth Circuit Court of Appeals within 30 days after service of this order.  Fed.R.App.P. 24(a)(5).  The motion must include a copy of the affidavit filed in this court and this court's statement of reasons for denying plaintiff's motion.  Id.

**IT IS SO ORDERED.**

Dated this 14th day of January 2021, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge

3